# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS<br>AFFAIRS,<br>810 Vermont Avenue NW<br>Washington, DC 20420<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 Independence Avenue SW<br>Washington, DC 20250<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600<br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue SW<br>Washington, DC 20202<br><br>U.S. DEPARTMENT OF ENERGY,<br>1000 Independence Avenue SW<br>Washington, DC 20585<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460 | Case No. 18-656 |

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201

U.S. DEPARTMENT OF HOMELAND
SECURITY,
245 Murray Lane SW
Washington, DC 20528

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,
451 7th Street NW
Washington, DC 20410

U.S. DEPARTMENT OF THE INTERIOR,
1849 C Street NW
Washington, DC 20240

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530

U.S. DEPARTMENT OF LABOR,
200 Constitution Avenue NW
Washington, DC 20210

U.S. DEPARTMENT OF TRANSPORTATION,
1200 New Jersey Avenue SE
Washington, DC 20590

U.S. DEPARTMENT OF THE TREASURY,
1500 Pennsylvania Avenue NW
Washington, DC 20220

and

OFFICE OF MANAGEMENT AND BUDGET,
725 17th Street NW
Washington, DC 20503

*Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the Defendant agencies under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published

analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Veterans Affairs (VA) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). VA has possession, custody, and control of records that American Oversight seeks.

7.      Defendant the U.S. Department of Agriculture (USDA) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USDA has possession, custody, and control of records that American Oversight seeks.

8.      Defendant the U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of records that American Oversight seeks.

9.      Defendant the U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records that American Oversight seeks.

10.     Defendant the U.S. Department of Education (Education) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of records that American Oversight seeks.

11.     Defendant the U.S. Department of Energy (DOE) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOE has possession, custody, and control of records that American Oversight seeks.

12.     Defendant the U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of records that American Oversight seeks.

13.     Defendant the U.S. Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

14.     Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

15.     Defendant the U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

16.     Defendant the U.S. Department of Housing and Urban Development (HUD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession, custody, and control of the records that American Oversight seeks.

17.     Defendant the U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records that American Oversight seeks.

18.     Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

19.     Defendant the U.S. Department of Labor (DOL) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOL has possession, custody, and control of records that American Oversight seeks.

20.     Defendant the U.S. Department of Transportation (DOT) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records that American Oversight seeks.

21.     Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records that American Oversight seeks.

22.     Defendant the Office of Management and Budget (OMB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. OMB has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

23.    On March 8, 2017, American Oversight submitted a FOIA request to DOJ seeking records sufficient to identify 1) the names and position titles of any employees in a PAS, presidentially appointed, non-career SES, Schedule C, or any "political appointee" position; 2) the names and any position titles of all career employees detailed into a leadership office or component; 3) the names and position titles of anyone on the beachhead teams who joined the agency at the beginning of the new administration; 4) any resumes, and conflicts or ethics waivers or authorizations for all individuals identified in response to parts 1 to 3 of the request; and 5) anyone on the presidential transition teams who joined the agency between the November 2016 election and the start of the new administration.

24.    On November 28, 2017, and December 18, 2017, American Oversight submitted similar FOIA requests to all seventeen defendant agencies (including a second request to DOJ) seeking records sufficient to identify 1) the names and position titles of any employees in a PAS, presidentially appointed, non-career SES, Schedule C, or any "political appointee" position; 2) the names and any position titles of all career employees detailed into a leadership office or component; 3) the names and position titles of anyone on the beachhead teams, or with a temporary or provisional appointment who assumed a full-time permanent position; and 4) any resumes, conflicts or ethics waivers or authorizations, recusal determinations, and SF-50 forms for all individuals identified in response to parts 1 to 3 of the requests.

25.    Many of these FOIA requests were follow-up requests to a series of requests submitted by American Oversight earlier in the Trump administration. The date range of the records sought in these requests varied based on the date range covered by the records produced in response to that first round of requests.

26.     VA assigned the FOIA request tracking number 18-02021-F.

27.     USDA assigned the FOIA request tracking number 2018-OCIO-01202-F.

28.     Commerce assigned the FOIA request tracking number DOC-OS-2018-000355.

29.     Between December 12, 2017, and January 2, 2018, Commerce sought clarification on the part of American Oversight's request seeking records sufficient to identify career employees detailed into a leadership office, and American Oversight provided the requested clarification to Commerce. A copy of the email exchange is attached hereto as Exhibit A and incorporated herein.

30.     DOD assigned the FOIA request tracking number 18-F-0258.

31.     Education assigned the FOIA request tracking number 18-00530-F.

32.     On February 26, 2018, American Oversight and Education communicated via email and telephone regarding the processing of the FOIA request. Education informed American Oversight that it would contact its component Office of Management (OM) and provide an update on the estimated date of completion. A copy of the email exchange is attached hereto as Exhibit B and incorporated herein.

33.     DOE assigned the FOIA request tracking number HQ-2018-00299-F.

34.     On December 20, 2017, DOE informed American Oversight that the request was forwarded to the Office of the Chief Human Capital Officer (HC) and the Office of the General Counsel (GC). A copy of DOE's letter is attached hereto as Exhibit C and incorporated herein.

35.     GSA assigned the FOIA request tracking number GSA-2018-000271.

36.     EPA assigned the FOIA request tracking number EPA-HQ-2018-002171.

37.     On March 9, 2018, EPA informed American Oversight that the request was being processed by the Office of Administration and Resources Management (OARM), and the

estimated date of completion was July 31, 2018. A copy of EPA's email is attached hereto as Exhibit D and incorporated herein.

38.    HHS assigned the FOIA request tracking number 2018-00318-FOIA-OS.

39.    DHS assigned the FOIA request tracking number 2018-HQFO-00309.

40.    Between December 15, 2017, and January 9, 2018, DHS sought clarification regarding American Oversight's request for resumes of all political appointees and SF-50 forms, and American Oversight provided clarification about these aspects of the request.

41.    As part of this exchange, DHS informed American Oversight that it would conduct the same search that it conducted on a similar FOIA request American Oversight sent to DHS earlier in the Trump administration, in which DHS searched for and produced resumes of all political appointees at DHS headquarters and its component offices.

42.    American Oversight and DHS also agreed that in lieu of producing SF-50 forms, DHS would produce records sufficient to identify 1) names of the political appointees; 2) position title; 3) entry date; 4) exit date (if applicable); 5) any changes in position capturing any promotions or reassignments; 6) grade; and 7) salary information from January 20, 2017, to January 5, 2018. A copy of American Oversight's email exchange is attached hereto as Exhibit E and incorporated herein.

43.    HUD assigned the FOIA request tracking number 18-FI-HQ-00319.

44.    By letter dated November 29, 2017, HUD denied American Oversight's request for a fee waiver. A copy of HUD's initial denial letter is attached hereto as Exhibit F and incorporated herein.

45.     On February 27, 2018, American Oversight timely appealed HUD's denial of American Oversight's fee waiver appeal. A copy of the administrative appeal is attached hereto as Exhibit G and incorporated herein.

46.     American Oversight has not received a response from HUD on its administrative appeal.

47.     DOI assigned the FOIA request tracking number OS-2018-00344.

48.     By letter dated December 28, 2017, DOI responded to one part of American Oversight's FOIA request by pointing to a publicly available list of political appointees at DOI and their resumes. A copy of the letter is attached hereto as Exhibit H and incorporated herein.

49.     American Oversight has not received any additional communication from DOI about the other parts of the FOIA request.

50.     DOJ assigned the March 8, 2017 FOIA request tracking number 108820.

51.     As of the date of this Complaint, DOJ has not contacted American Oversight to provide a tracking number for the November 28, 2017 FOIA request.

52.     DOL assigned the FOIA request tracking number 846204.

53.     By letter dated January 25, 2018, DOL responded to one part of American Oversight's FOIA request and produced a list of political appointees at the agency and their resumes. A copy of the interim letter is attached hereto as Exhibit I and incorporated herein.

54.     On February 1, 2018, DOL informed American Oversight that the response was not final, and American Oversight should expect responses to the remaining parts of the FOIA request. A copy of DOL's email response is attached hereto as Exhibit J and incorporated herein.

55.     American Oversight has not received any additional communication from DOL about the other parts of the FOIA request.

56.     Treasury assigned the FOIA request tracking number 2017-11-299.

57.     OMB assigned the FOIA request tracking number 2018-094.

*Entitlement to Waiver of Fees*

58.     American Oversight sought a waiver of fees associated with processing its FOIA requests pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and each agency's regulations.

59.     Disclosure of the information requested by American Oversight in its FOIA requests is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

60.     Disclosure of the information requested by American Oversight in its FOIA requests is not in American Oversight's commercial interest.

*Exhaustion of Administrative Remedies*

61.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding the FOIA requests, including the full scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

62.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

63.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.     American Oversight properly requested records within the possession, custody, and control of Defendants.

65.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

66.     Defendants have failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

67.     Defendants' failure to conduct adequate searches for responsive records violates FOIA.

68.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

69.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

70.     American Oversight properly requested records within the possession, custody, and control of Defendants.

71.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

72.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

73.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

74.     Defendants' failure to provide all non-exempt responsive records violates FOIA.

75.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted on March 8, 2017, November 28, 2017, and December 18, 2017;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 22, 2018

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
*Counsel for Plaintiff*