UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*,<br><br>Defendants. | Civil Action No. 18-656 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is the defendants' Motion to Sever Claims pertaining to eighteen Freedom of Information Act ("FOIA") requests, which all seek virtually the same, straightforward, basic information from seventeen defendant federal agencies about the political appointees entering the Trump Administration. *See* Defs.' Mot. Sever Claims and Stay Defs.' Resp. to Compl. ("Defs.' Mot.") at 1, 3, ECF No. 8.[1] These FOIA requests were all submitted by the same plaintiff, American Oversight, "a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public," with one request filed on March 8, 2017, sixteen requests filed on the same date eight months later on November 28, 2017, and

---

[1] The seventeen named agency defendants are: the U.S. Department of Veteran Affairs ("VA"), the U.S. Department of Agriculture ("USDA"), the U.S. Department of Commerce ("Commerce"), the U.S. Department of Defense ("DOD"), the U.S. Department of Education ("Education"), the U.S. Department of Energy ("DOE"), the U.S. General Services Administration ("GSA"), the U.S. Environmental Protection Agency ("EPA"), the U.S. Department of Health and Human Services ("HHS"), the U.S. Department of Homeland Security ("DHS"), the U.S. Department of Housing and Urban Development ("HUD"), the U.S. Department of the Interior ("DOI"), the U.S. Department of Justice ("DOJ"), the U.S. Department of Labor ("DOL"), the U.S. Department of Transportation ("DOT"), the U.S. Department of the Treasury ("Treasury"), and the Office Management and Budget ("OMB"). Compl. ¶¶ 6–22, ECF No. 1.

1

the final request filed on December 18, 2018. Compl. ¶¶ 5–24, ECF No. 1.[2] Each request asks for basic information about political appointees joining the Trump Administration, including names, position titles, resumes, and conflicts or ethics information. *Id.* Despite the fact that one of these requests has been pending for over one year and the others for at least five months, the defendants have failed to respond to the requests, which could shed valuable light on the qualifications and backgrounds of government officials in the current Administration.

The defendants argue in their pending Motion that the plaintiff has "impermissibly joined" the claims against the agencies in this case under Federal Rule of Civil Procedure 20, as "[t]he Complaint does not allege any concerted action by these separate agencies in responding to the requests." Defs.' Mot. at 1; *see* FED. R. CIV. P. 20(a)(2). Further, the defendants contend that, "even if the requirements of Rule 20 are satisfied," severance is warranted under Rule 21 to "promote efficiency." Defs.' Mot. at 9; *see* FED. R. CIV. P. 21. The defendants are wrong, as explained more fully below, and their Motion to Sever Claims is **DENIED.**[3]

## I. BACKGROUND

The "FOIA's prodisclosure purpose," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), ensures "a means for citizens to know 'what the Government is up to,'" *id.* at 171 (quoting *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 773, 749 (1989)). "This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Id.* at 171–72. To "reveal who is doing the political work at federal agencies under the Trump Administration, what their qualifications are, and what

---

[2] The discrepancy between the number of FOIA requests at issue (*i.e.*, eighteen) and the number of defendant agencies (*i.e.*, seventeen) is due to DOJ receiving one request on March 8, 2017, and a second request on November 28, 2017. Compl. ¶¶ 23–24.

[3] When filing their Motion to Sever Claims, the defendants also moved to stay any further response to the Complaint until resolution of the Motion to Sever Claims. *See* Defs.' Mot. at 2. The Court granted that portion of the Motion. Min. Order (dated May 9, 2018). In light of this Memorandum Opinion and Order, the stay is now lifted.

they have been authorized to work on," Pl.'s Mem. Opp'n Defs.' Mot. Sever Claims and Stay Defs.' Resp. to Compl. ("Pl.'s Opp'n") at 3, ECF No. 9, the plaintiff submitted FOIA requests to the seventeen defendants seeking:

> 1) the names and position titles of any employees in a PAS, presidentially appointed, non-career SES, Schedule C, or any 'political appointee' position; 2) the names and any position titles of all career employees detailed into a leadership office or component; 3) the names and position titles of anyone on the beachhead teams, or with a temporary or provisional appointment who assumed a full-time permanent position; 4) any resumes, conflicts or ethics waivers or authorizations, recusal determinations, and SF-50 forms for all individuals identified in response to parts 1 to 3 of the requests.

Compl. ¶ 24.[4]

The plaintiff's requests submitted in November and December were a "second round" of FOIA requests, Pl.'s Opp'n at 3, since earlier FOIA requests for essentially the same information that had been submitted to many of the same agencies had already resulted in the disclosure of the names and qualifications of the political appointees for earlier date ranges. *See* Compl. ¶ 25 (noting that "[m]any of these FOIA requests were follow-up requests to a series of requests submitted by [the plaintiff] earlier in the Trump Administration," but the "date range of the records sought in these requests varied based on the date range covered by the records produced in response to that first round of requests"); Pl.'s Opp'n at 1 (noting that, after filing an earlier lawsuit, eight agencies produced records in response to the plaintiff's first round of "baseline" requests, resulting in a voluntarily dismissal of the suit (citing Joint Stipulation of Voluntary Dismissal, *Am. Oversight v. Dep't of the Interior*, Civ. No. 17-958 (RBW) (D.D.C. Oct. 5, 2017), ECF No. 12)).

---

[4] The March 8, 2017 request to DOJ was slightly different and included a request for a fifth category of records regarding "5) anyone on the presidential transition teams who joined the agency between the November 2016 election and the start of the new administration." Compl. ¶ 23. The plaintiff notes that had DOJ responded to the first request earlier, the plaintiff "would not have needed to include that request in this case." Pl.'s Opp'n at 9 n.6.

The plaintiff filed the instant lawsuit on March 22, 2018, alleging that the defendants failed to comply with the applicable time-limit provisions for FOIA relating to these requests. Compl. ¶ 4. According to the plaintiff, most defendants have only assigned a tracking number to the request and otherwise not responded, with a few defendants seeking clarification or responding to certain distinct aspects. Compl. ¶¶ 26–57. Although the defendants' Answer to the Complaint was due on May 9, 2018, the defendants instead filed the pending Motion to Sever Claims on May 8, 2018. Defs.' Mot. at 3. With the parties' consent, the Court stayed the defendants' response to the Complaint until resolution of this pending Motion. Min. Order (dated May 9, 2018).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 20 provides that "[p]ersons . . . may be joined in one action as defendants if" two criteria are satisfied. FED. R. CIV. P. 20(a)(2). First, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). Second, "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B).

To satisfy the first requirement, claims against multiple defendants must have a "logical relationship." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926); *Martinez v. Dep't of Justice*, 324 F.R.D. 33, 36 (D.D.C. 2018). "The logical relationship test is flexible because 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). The second requirement of Rule 20(a)(2) permits joinder where "at least

4

one issue of law or fact will generally be common to all defendants." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 997 (D.C. Cir. 2014).

The Rules further provide that "the court may . . . on just terms, add or drop a party." FED. R. CIV. P. 21. Although Rule 21 deals primarily with misjoinder or nonjoinder of parties, this Rule also "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *see also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (holding that Rule 21 gives the court "discretion to sever an action if it . . . might otherwise cause delay or prejudice"); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) ("Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants." (quoting 6 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1591, at 823)).

## III. DISCUSSION

The government seeks severance of the instant Complaint into separate lawsuits to be filed against each defendant agency, with the concomitant payments by the plaintiff of associated "filing fees," which the government urges would "help offset the costs that litigation imposes on the courts but also give plaintiffs an incentive to be judicious in bringing their FOIA requests to litigation." Defs.' Mot. at 4–5. The government's concern that, without severance, the "U.S. court system" will be "deprived . . . of thousands of dollars in filing fees," *id*. at 4, is simply not the measure of whether severance is warranted, however. Moreover, the Court is mindful that, if the government's view were adopted, the increased expense to the plaintiff of pursuing FOIA litigation against each federal agency to which the plaintiff submitted virtually identical record requests, could have the effect of suppressing the plaintiff's exercise of its statutory rights to

5

enforce the FOIA against recalcitrant agencies. Far from "judicious," *id.* at 5, this result would run afoul of this important statute's history, text, and purpose.

Two additional arguments are presented by the defendants as support for severance, but neither is persuasive. First, they contend that the plaintiff's joinder of claims against the seventeen defendants fails to meet either of the requirements under Rule 20(a)(2). Defs.' Mot. at 6. In making this argument, the defendants misconstrue the requirement under Rule 20(a)(2)(A) that the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," FED. R. CIV. P. 20(a)(2)(A), as well as the requirement under Rule 20(a)(2)(B) that "any question of law or fact common to all defendants will arise in the action," FED. R. CIV. P. 20(a)(2)(B).

The defendants posit that the plaintiff fails to meet the requirement of Rule 20(a)(2)(A) because "this case involves the separate processing by distinct agencies of distinct FOIA requests" and, while the defendants allegedly "commit[ed] the same type of violation," the plaintiff does not allege the defendants "have been working within some plan of 'concerted action.'" Defs.' Mot. at 7 (quoting *Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012)). Further, the defendants highlight that the defendants are "separately processing" the FOIA requests, *id.* at 1, which the plaintiff "has modified" for some defendant agencies, *id.* at 3 (citing Compl. ¶ 42), and which vary in "[t]he date range of the records sought," *id.* at 4 (alteration in original) (quoting Compl. ¶ 25). Contrary to the defendants' view, any differences in the FOIA requests to each defendant agency are minor, and any timing differences in the responses by defendant agencies may be appropriately monitored by the Court in a single action. Indeed, the defendants cite no case, let alone binding authority, in which FOIA claims brought by the same plaintiff involving virtually identical record requests against

6

multiple federal agencies have been severed into separate lawsuits against each agency. To the contrary, cases from this Court have denied such severance requests from the government. *See, e.g.*, *Martinez*, 324 F.R.D. at 35 (D.D.C. 2018) (denying motion to sever, filed by seven defendants agencies, pertaining to sixteen separate FOIA requests all submitted by the same plaintiff, seeking "information on specific people, organizations, events, and publications related to the Chicano civil rights movement in Colorado from 1968 to 1978"); Min. Order (dated May 10, 2018), *Am. Oversight v. U.S. Dep't of Commerce*, Civ. No. 18-534 (KBJ) (denying Motion to Sever Claims or, in the Alternative, for Separate Trials, filed by thirteen defendant agencies in lawsuit brought by the instant plaintiff pertaining to FOIA requests for calendar entries of political appointees); *cf.* Order, *Sack v. CIA, et al.*, Civ. No. 12-537 (RLW) (D.D.C. Oct. 24, 2012), ECF No. 17 (granting government's motion to sever claims asserted against five defendant agencies and their components into five separate lawsuits where the claims arose from twenty-seven FOIA and Privacy Act, 5 U.S.C. § 552a, records requests that the plaintiff submitted to the agencies, only some of which were the similar, as well as a fee denial and fee waiver denial by only one of the defendant agencies).

The defendants rely on two cases, *AF Holdings* and *Spaeth*, but both are inapposite. Defs' Mot. at 6–8; Defs.' Reply Mem. Supp. Defs.' Mot. Sever Claims ("Defs.' Reply") at 3–5, 9–10, ECF No. 10. *AF Holdings* involved a copyright infringement action brought against "1,058 unnamed Does who . . . alleged[ly] had illegally downloaded and shared the pornographic film *Popular Demand* using a file-sharing service known as BitTorrent." *AF Holdings*, 752 F.3d at 993. The D.C. Circuit found that the Doe defendants were not "part of the same series of transactions within the meaning of Rule 20(a)(2)," *id.* at 998, by "[s]imply committing the same type of violation in the same way," *id.* (alteration in original) (quoting *Hard Drive Prods., Inc. v.*

*Does 1–30*, No. 2:11CV345, 2011 WL 4915551, at *3 (E.D. Va. Oct. 17, 2011)). Pointing to the D.C. Circuit's language that multiple defendants "committing the same type of violation in the same way" is insufficient for joinder, Defs.' Mot. at 7; Defs.' Reply at 3–4, the defendants argue that the reasoning in *AF Holdings* militates in favor of severance here.

Yet, the defendants ignore the salient factors animating the *AF Holdings* decision that are absent in the instant matter and, even in that case, presented a "difficult question." *AF Holdings*, 752 F.3d at 997. In particular, as the opening lines of the *AF Holdings* decision reflect, the D.C. Circuit was intent on "put[ting] a stop" to the "attempt" by the plaintiff's law firm in that case "to manipulate judicial procedures to serve their own improper ends." *Id.* at 992. Underscoring that "[a] full understanding of this case requires knowing some things about the lawyer and 'law firm' that initiated it," the D.C. Circuit described a "porno-trolling collective," *id.* (internal citation omitted), in which the plaintiff filed similar lawsuits to take "advantage of judicial discovery procedures in order to identify persons who might possibly have downloaded certain pornographic films," and to negotiate only settlements, from which the firm "made around $15 million in a little less than three years," since, when any "defendant sought to actually litigate," the law firm "would simply dismiss the case," such that no litigation "proceeded to trial or resulted in any judgment in [the plaintiff's] favor other than by default," *id.* at 992–93. By contrast, in the instant matter, no evidence suggests even a remote possibility that the plaintiff is filing self-serving lawsuits to generate settlement funds from individuals seeking to avoid being named as defendants in embarrassing litigation. Instead, the plaintiff here merely seeks to vindicate statutory rights granted by the FOIA and to disseminate information to the public from the government records disclosed in response to the FOIA requests.

Another salient factor in *AF Holdings* absent here is the unique character of BitTorrent technology, which allows individuals to "use[] the same protocol to access the same work," but "in entirely separate transactions" and without "any interaction with one another whatsoever," unless the individuals downloaded the same file as part of the same "swarm" "actively sharing" parts of the same file at the same time. *Id.* at 998. AF Holdings had not made this allegation and, consequently, the D.C. Circuit found that the common allegations of copyright infringement were not sufficient to satisfy Rule 20's requirements for joinder. *Id.* at 998–99. In this case, by contrast, the defendant federal agencies are not the same type of independent actors that the D.C. Circuit concluded the unnamed and unidentified BitTorrent users could be. Instead, each of the defendant agencies is subject to the same FOIA and other policies that require them to take positions as components of the same presidential administration, including in responding to FOIA requests.

The defendants' reliance on *Spaeth*, a case concerning allegations of age discrimination in hiring practices against six law schools, is also misplaced. *See Spaeth*, 845 F. Supp. 2d at 52–54 (granting motion to sever claims against the six schools where defendants "acted independently when they evaluated [the plaintiff's] candidacy and decided, for whatever reason, against interviewing or hiring him"). Despite the clear factual differences with *Spaeth*, the defendants argue, based on language in that case, that joinder is improper here under the "logical relationship" test of Rule 20(a)(2)(A), because the instant plaintiff has failed to put forth "*some allegation of concerted action between defendants*." Defs.' Mot. at 6. Yet, in requiring "concerted action" between the defendants, the *Spaeth* court was particularly concerned with the independence of the six schools, which had not "acted pursuant to a shared policy." *Spaeth*, 845 F. Supp. 2d at 53–54. In the instant matter, as already noted, the defendant agencies are bound

by the same federal policies that influence their decision making and, thus, cannot act completely independently. *See Martinez*, 324 F.R.D. at 37 (reasoning that the defendant federal agencies, who had received FOIA requests, "are not 'totally independent actors' as the defendants were in *Spaeth*" because, *inter alia*, the defendants "are all components of the federal government and are subject to similar policies"). Furthermore, in *Spaeth*, the plaintiff did "not address either prong of the Rule 20(a) test," in response to the severance motion, and, thus, unlike in the instant matter where the plaintiff has vigorously addressed all aspects of the defendants' motion, the plaintiff in *Spaeth* was deemed to have "conceded that defendants are not properly joined." *Spaeth*, 845 F. Supp. 2d at 55.

With respect to the second prong of Rule 20, the defendants contend the plaintiff's claims fail to "raise common 'questions of law or fact,'" Defs.' Mot. at 8 (quoting *Spaeth*, 845 F. Supp. 2d at 54), because "the Court's assessment of . . . exemptions," such as (b)(6) and (b)(7)(c), "will be dependent on a balancing of factors that is largely dependent on the specific information at issue in each distinct record that may be challenged," and resolution of the propriety of withholdings under "any claimed exemptions with respect to one agency's records" may not "be dispositive of similar exemptions claimed over another agency's records," plus, as a factual matter, "each agency will need to demonstrate that the manner in which it searched for responsive records was adequate, which is an inquiry unique to each agency," *id.* Yet, the second prong of Rule 20(a)(2) only requires that "*any* question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B) (emphasis added). This Rule simply does not require *all* questions of law and fact to be identical—only *some*. *AF Holdings*, 752 F.3d at 997 (interpreting second-prong requirement to be satisfied "[i]n a multi-Doe copyright infringement lawsuit . . . [where] *at least one* issue of law or fact will generally be

common to all defendants") (emphasis added); *Martinez*, 324 F.R.D. at 37 ("Under Rule 20(a)(2), claims must be related by 'some common question of law or fact . . . but not all issues have to be common to all [claims].'") (alterations in original) (quoting *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008)).

Furthermore, this Rule does not require that the common issues will arise with certainty. *See Montgomery*, 532 F. Supp. 2d at 36 (D.D.C. 2008) (finding plaintiffs alleged a possible basis to meet Rule 20(a)'s requirements where they "have pled some commonality of facts suggesting that the claims *may* have arisen from the same transactions or occurrences and *may* involve a common legal question or fact") (emphasis added). Plainly, in view of the fact that the plaintiff's FOIA requests to each agency seek the same type of records, each defendant agency is likely to invoke the same exemptions to justify any withholding, resolution of any challenge to which will raise common legal and factual questions. Indeed, to the extent differences exist in the justification offered by different agencies for withholdings, presentation of such differences in the same case will be helpful in clarifying the law in application of the exemptions. For these reasons, and all those above, joinder of the plaintiff's claims under Rule 20 is proper.

Second, the government contends that, even if joinder were permissible under Rule 20, severance of the claims is warranted under Rule 21 to promote judicial efficiency. Defs.' Mot. at 9–11; Defs.' Reply at 7–8. According to the government, "[t]here is no reason the claims against the various agency defendants need to proceed in lockstep, and indeed, allowing the case to proceed separately against each agency will likely speed the overall resolution of the entire case by allowing the cases against some agencies to progress faster than the cases against other agencies." Defs.' Mot. at 10. The Court disagrees. The government offers no clear explanation for how separating the instant action into seventeen different lawsuits will "speed the overall

11

resolution," *id.,* of any single one. Certainly, while the government is correct that "this lawsuit can only proceed to final judgment as quickly as the slowest of its component parts," *id.*, the speed with which some defendant agencies comply with their FOIA obligations may serve to spur their co-defendant agencies to perform at a faster pace and, thereby, in the end, result in speedier resolution of all of the plaintiff's claims. More importantly, severance makes little sense from a judicial efficiency perspective. As the plaintiff points out, "severing this case into seventeen separate civil actions means that each step of the case is magnified by seventeen; thus, the Court would be required to review seventeen status reports, to hold seventeen status conferences, and to rule on seventeen summary judgment briefs." Pl.'s Opp'n at 11–12.[5]

The defendants are quick to dismiss as "unduly speculative," Defs.' Reply at 8, the plaintiff's suggestion that, "[i]f some agencies complete production earlier than others and have no outstanding issues for summary judgment briefing, [the plaintiff] would gladly voluntarily dismiss the case against those agencies at that time, as [the plaintiff] has regularly done in similar cases with multiple defendants," Pl.'s Opp'n at 12. Yet, the plaintiff has demonstrated its willingness to do this before. *See, e.g.,* Notice of Dismissal, *Am. Oversight v. U.S. Dep't of Commerce*, Civ. No. 18-534 (D.D.C. Apr. 4, 2018), ECF No. 7 (dismissing action against U.S. Small Business Administration ("SBA"), one of fourteen defendant agencies, shortly after [the plaintiff] initiated litigation, because SBA "offered to produce documents in exchange for being dismissed from the suit"); Stipulation of Dismissal, *Am. Oversight v. U.S. Dep't of Homeland Sec'y*, No. 17-1187 (D.D.C. May 2, 2018), ECF No. 18 (dismissing action against U.S.

---

[5] The defendants cite the dockets of several cases, in which "severance was not sought" by defendant agencies, purportedly leading to "sprawling litigation" that was inefficient, Defs.' Reply at 7 (citing *Bartko v. Dep't of Justice*, Civ. No. 13-1135 (JEB) (D.D.C. filed July 26, 2013)), or severance was granted, resulting in separate more "efficien[t]" lawsuits, *id.* (citing *Sack v. CIA*, Civ. No. 12-537 (RLW) (D.D.C. filed Apr. 6, 2012); *Sack v. Dep't of Def.,* Civ. No. 12-1754 (JEB) (D.D.C. filed Oct. 30, 2012); *Sack v. Dep't of Justice*, Civ. No. 12-1755 (CRC) (D.D.C. filed Oct. 30, 2012)), but the defendants provide minimal facts comparing those cases to the instant Complaint to explain how those cases may dictate a particular result here, *see id.* at 7–8.

Department of the Interior ("DOI"), one of four defendant agencies, because DOI "produced records responsive to Plaintiff's [FOIA] request, timely responded to questions, and conducted supplemental searches").[6]

Finally, if the defendants in this case were to be severed, pursuant to Rule 21, the plaintiff would have to file new lawsuits against the severed defendant agencies. This may further delay the defendant agencies' compliance with the plaintiff's FOIA requests, resulting in prejudice to the plaintiff and also potentially to the public with interest in the qualifications and backgrounds of those individuals staffing various agencies.[7]

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the defendants are properly joined in this action. Given the time that has now lapsed from the date when the defendants were originally required to respond to the Complaint, the defendants are required to file a response within twenty days. Accordingly, it is hereby

**ORDERED** that the defendants' Motion to Sever Claims, ECF No. 8, is DENIED; and it is further

---

[6] In making their Rule 21 arguments, the defendants cling to the language in *Shapiro v. Dep't of Justice*, Civ. No. 12-1883 (BAH), 2013 U.S. Dist. LEXIS 189406 (D.D.C. Apr. 17, 2013), but that case is easily distinguished. In *Shapiro*, this Court severed thirteen claims brought by four plaintiffs against a single government agency, regarding twenty different FOIA/Privacy requests and three policy-or-practice claims. *Id.* at *11–12. After determining that the claims related to the FOIA/Privacy Act requests could not provide the basis for joinder under Rule 20 because the requests were submitted by separate plaintiffs for different records, this Court considered joinder of the policy-or-practice claims and expressed concern about "using policy-or-practice claims as a 'hook' to shoehorn a broad array of FOIA claims into one civil action." *Id.* at *5–10. Unlike in *Shapiro*, in the instant matter, the claims at issue, for all the reasons already discussed, do not represent a "broad array" but, rather, virtually identical FOIA requests and thus do not raise the same concerns about the unwieldy litigation that could result.

[7] The defendants also include a request in a footnote to their opening brief that asks this "Court to separate the claims for all purposes under Rule 42(b), which provides that 'issues' or 'claims' in a single case may be separated '[f]or convenience, to avoid prejudice, or to expedite and economize.'" Defs.' Mot. at 11 n.4 (alteration in original) (quoting FED. R. CIV. P. 42(b)). The defendants provide no additional support for this request, except to say that in proceeding in a single lawsuit "it would seem infeasible for the claims against each agency defendant to proceed in lockstep with each other." *Id.* Due to the cursory nature of this argument, and for all the reasons why joinder is proper and efficient here, this request is DENIED.

**ORDERED** that the defendants shall answer or otherwise respond to the Complaint within twenty days of this Order.

**SO ORDERED.**

Date: June 2, 2018

_____
BERYL A. HOWELL
Chief Judge